**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JASPAR TOBY**                                              **CASE NO.:**

     **Plaintiff,**

**vs.**

**PUBLIX SUPER MARKETS, INC.**
     **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    **COMES NOW,** Jaspar Toby ("Plaintiff"), by and through her undersigned counsel, hereby files this suit against Defendant, Publix Super Markets, Inc. ("Defendant"), and alleges:

### NATURE OF CLAIMS

1. This is an action for racial discrimination brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq., and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 et seq., Plaintiff maintains that throughout her employment with Defendant she was subjected to racial discrimination in violation of Title VII and FCRA.

### PARTIES, JURISDICTION, AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to Section 760(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. The Plaintiff, Jaspar Toby, is an African American woman and is 27 years old. Plaintiff is a resident of the State of Florida residing in Duval County, Florida.

4. The Defendant, Publix Super Markets, Inc., is a corporation located in Florida, having one of its principal offices and places of business in Lakeland. The Defendant is engaged,

*inter alia*, in the business of grocery and food sales. Defendant has or usually keeps, an office for transaction of its customary business in Hillsborough County, Florida. As such, venue is proper.

## ADMINISTATIVE PREREQUISITES

5. Plaintiff has exhausted her administrative remedies and fulfilled all conditions precedent to maintaining the claims asserted herein under Title VII and the FCRA.

    a. Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the· U.S. Equal Employment Opportunity Commission ("EEOC") on September 17, 2012.

    b. Plaintiff has complied with the requirements of dual filing for an investigation conducted by the FCRA and EEOC.

    c. The EEOC issued a Dismissal and Notice of Suit Rights on February 21, 2013. Plaintiff has filed this action within ninety days from the receipt of the Notice of Right to Sue issued by the EEOC. (See attached Exhibit A: Dismissal and Notice of Suit Rights).

6. Plaintiff has complied with all statutory prerequisites and performed all conditions precedent to instituting this action under Title VII and the FCRA.

## GENERAL ALLEGATIONS

7. Plaintiff, who is an African-American, is a member of a class protected against racial discrimination by Title VII and FCRA.

8. At all times material hereto, Plaintiff was an individual employed by an employer and, therefore, was an employee within the meaning of Title VII and the FCRA. As an employee, Plaintiff was protected against discrimination on the basis of race with respect to the compensation, terms, conditions, or privileges of her employment.

9. At all times material hereto, Defendant was a person within the meaning of Title VII, 42 U.S.C. § 2000e(a), engaged in an industry affecting commerce who had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year. As such, Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

10. At all times material hereto, Defendant was a person within the meaning of the FCRA, Fla. Stat. § 760.02(6), employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## COUNT I: RACIAL DISCRIMINATION UNDER TITLE VII

11. Plaintiff hereby restates the allegations contained in paragraphs one through eleven as though stated fully and completely herein.

12. This claim for discrimination due to race is asserted against Defendant pursuant to Title VII, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§2000e et seq.

13. During her employment, Plaintiff possessed the skills and experience necessary to perform the duties of her employment. As such, Plaintiff was qualified for her position.

14. During Plaintiff's employment with Defendant, Defendant repeatedly discriminated against Plaintiff. Defendant's misconduct includes but is not limited to making discriminatory statements, making use of racial slurs, failing to investigate complaints of discrimination made by Plaintiff, failing to discipline employees for making discriminatory statements.

15. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, Plaintiff has suffered damages, including, but not limited to the following: lost wages, income, employment benefits; emotional pain and suffering, mental anguish, loss of enjoyment of life and dignitary injury; costs, including attorney's fees, in pursuing redress for the deprivation of her civil rights.

16. The aforementioned intentional discrimination against Plaintiff on the basis of race with respect to compensation, terms, conditions, or privileges of employment including discharge.

17. The aforementioned intentional discriminatory acts of the Defendant, through its employees and/or agents, were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

18. If Plaintiff prevails on her Title VII claim, resulting in vindication of her civil rights, then Plaintiff is entitled to reasonable attorney's fees pursuant to Title VII.

**WHEREFORE**, Plaintiff prays this Honorable Court grant the following relief: an order declaring the Defendant violated Plaintiff's rights under Title VII; an order for compensatory damages including, but not limited to, damages for emotional pain and suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay; an order for front pay, including interest on front and back pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees including expert fees and costs; an order enjoining Defendant from engaging in such unlawful employment practices under Title VII, and any other affirmative action or equitable relief as the Court deems appropriate; and for other and further relief as the Court deems just and proper.

## <u>COUNT II: RACIAL DISCRIMINATION UNDER FCRA</u>

19. Plaintiff hereby restates the allegations contained in paragraphs one through eighteen as though stated fully and completely herein.

20. This claim for discrimination due to race is asserted against Defendant pursuant to the FCRA, Fla. Stat. §§ 760.01 et seq.

21. By and through alleged more specifically in Count I, Defendant intentionally discriminated against Plaintiff on the basis of race with respect to compensation, terms, conditions, or privileges of employment.

22. As a proximate result of the aforementioned intentional discriminatory acts of the Defendant, through its employees and/or agents, Plaintiff has suffered damages as alleged in Count I.

23. The aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, give rise to a cause of action under the FCRA; in particular, the FCRA forbids discrimination against any employee on the basis of race with respect to the compensation, terms, conditions, or privileges of employment.

24. The aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

25. If Plaintiff prevails on her FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to reasonable attorney's fees pursuant to the FCRA.

**WHEREFORE,** Plaintiff prays this Honorable Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under the FCRA; an order for compensatory damages including, but not limited to, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front play, including interest on front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees including expert fees and costs; an order enjoining Defendant from engaging in such unlawful employment practices under the FCRA, and for any other affirmative action or equitable relief as the Court deems appropriate, and for other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully requests a trial by jury in this matter.

Dated this 21st day of May, 2013.

Respectfully Submitted,

__/s/ Alfred M. Roush_____
Alfred M. Roush Esq.
Florida Bar No.: 0072706
Roush Law Group
205 S. Hoover Blvd., Ste. 407
Tampa, FL 33609
Alfred@roushlaw.com
Telephone: 813.443.5338
Facsimile: 813.200.5999
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Dated this 21st day of May, 2013.

                                        ___ /s/ Alfred M. Roush_____
Alfred M. Roush Esq.
Florida Bar No.: 0072706
Roush Law Group
205 S. Hoover Blvd., Ste. 407
Tampa, FL 33609
Alfred@roushlaw.com
Telephone: 813.443.5338
Facsimile: 813.200.5999
*Attorneys for Plaintiff*